Alice WILLETT *v.* F. Giles WILLETT

75-269                                        532 S.W. 2d 756

Opinion delivered February 23, 1976

*Laster & Lane,* for appellant.

*William R. Wilson Jr.,* P.A. for appellee.

GEORGE ROSE SMITH, Justice. The only question here is whether a money judgment entered in Illinois is entitled to full faith and credit in Arkansas. We affirm the trial court's refusal to enforce the Illinois judgment.

In 1961 the appellant obtained a divorce in Illinois, where both parties were living. The decree ordered the appellee to pay child support and certain medical expenses. In 1969, after the appellee had moved to Arkansas, the appellant filed a petition in the Illinois case for judgment against the appellee in the amount of his arrearages. On July 16, 1969, the appellee received by mail, in Arkansas, notice that the appellant's petition would be heard in Illinois on July 17. Upon the advice of an Arkansas attorney the appellee made no attempt to resist the petition. On July 17 the Illinois court entered judgment against the appellee for $8,760, with interest. In 1972 the appellant brought this action to enforce the Illinois judgment.

The trial court was right in refusing to recognize the judgment. Even though the Illinois court had continuing

jurisdiction in the case, the appellee was entitled, as a matter of due process, to reasonable notice of the petition for judgment. Leflar, American Conflicts Law, § 28 (rev. ed., 1968). The one day's notice that was given cannot be said to be reasonable in the circumstances. Consequently the Illinois judgment is not entitled to full faith and credit. *Griffin* v. *Griffin*, 327 U.S. 220 (1946).

Affirmed.